**Affirmed and Opinion filed January 22, 2015.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-13-00337-CR

---

**JAMIE ALBERTO IBARRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1287084**

---

## O P I N I O N

Appellant, Jamie Alberto Ibarra, appeals his conviction for aggravated assault on a public servant, contending he was denied his right to counsel of his choice, and he received ineffective assistance of counsel. We affirm.

### I. BACKGROUND

According to the record evidence, in November 2010, appellant arrived at the home of Martha Maldonado to see her daughter, Michell Mares, with whom

appellant previously had a relationship. When Maldonado told appellant that Mares was not home, appellant continued knocking on the door, insisting on seeing Mares. Because appellant had exhibited harassing behavior in the past, Maldonado called the police.

When two police officers arrived at Maldonado's home, they observed appellant on the porch, using a cell phone. Appellant stood, removed a handgun from his pocket, and pointed it at his head. Both officers drew their weapons and, while attempting to calm appellant, they moved near their patrol car to seek cover. Appellant refused to put down his gun, and he ran away from the house, hiding behind a truck in a nearby parking lot. Backup officers arrived. Appellant stated he would not put the gun down unless he went down with it, and he fired the gun at an officer who was moving to a secure location in the parking lot. The shot did not hit the officer. A police SWAT team arrived, following appellant as he jumped the fence of the parking lot and ran to another location, breaking into a truck. Appellant was shot and injured after pointing his gun at one of the SWAT team officers.

A jury found appellant guilty of the first-degree felony offense of aggravated assault against a public servant,[1] and found two enhancement paragraphs to be true. The jury assessed punishment at fifty years' confinement.

---

[1] See Tex. Penal Code Ann. §§ 22.01(a)(2), (b)(1); 22.02(a)(2), (b)(2)(B) (West 2011) (providing that person commits aggravated assault, as a first-degree felony, if he intentionally and knowingly threatens with imminent bodily injury a person the actor knows is a public servant, while the public servant is lawfully discharging an official duty, and the actor uses or exhibits a deadly weapon).

2

## II. COMPLAINTS REGARDING COUNSEL OF APPELLANT'S CHOICE

In his first issue and second issues, appellant contends he was denied the right to counsel of his choice under the United States Constitution and the Texas Constitution.

About eight months before the case proceeded to trial in April 2013, appellant filed a handwritten "Motion to Dismiss Defendant's Attorney of Record, . . . and Appoint Defendant a Public Defender," alleging he "employed [counsel] some 20 months previous to the date of the filing of this motion." Appellant further asserted counsel had failed to provide "reasonably effective assistance" because appellant had no contact with counsel in the past seven months, and that counsel had "taken no affirmative action to preserve and to protect the valuble (sic) rights of the Defendant." Appellant's motion alleged counsel told him, "we do not have O.J. Simpson money to pay for expert witnesses on forensic's (sic) and ballistics." Appellant did not notify the trial court he was indigent or without the financial ability to obtain counsel. Appellant requested the trial court dismiss retained counsel and "appoint a new counsel/Public Defender to act in (sic) behalf of Defendant." The record does not contain an order in which the trial court disposed of this motion.[2]

The week prior to trial, appellant asked to make a record to renew his complaints regarding counsel, asserting (1) appellant had been asking for counsel to remove himself from the case, (2) appellant's counsel had been "defective and ineffective in filing proper motions," and (3) appellant had been requesting but had been denied a right to a speedy trial, and he had not "been treated fair." Appellant

---

[2] Appellant attempted to appeal the orders denying motions to recuse in Cause Nos. 14-12-01152-CR and 14-12-00152-CR, which we dismissed because they were interlocutory. In his appellate brief, appellant makes no complaint about them.

3

complained he had been working with retained counsel "for too long already" and "on the record, he's fired. My family has called him and fired him." Counsel questioned appellant who admitted there had been numerous trial dates (over a dozen resets), he had refused to speak with counsel for almost a year, he had refused to sign trial reset forms, and he had continually ordered counsel to "Get away, you're fired." The trial court advised appellant to work with counsel and confirmed retained counsel would continue to represent appellant for purposes of trial.

Counsel for appellant filed a written motion to withdraw four days prior to trial, which was heard by the trial court the same day. The trial court noted the case had been pending for a very long time and was preferentially set, made a finding that appellant refused to cooperate with counsel, and denied the motion.

Appellant asserts here he was deprived of his constitutional "right to counsel of his choice" because the counsel his family hired was not of his choice, and the trial court should have appointed different counsel.

## A.     Complaint under the United States and Texas Constitutions

The Sixth Amendment to the United States Constitution and the Texas Constitution guarantee a criminal defendant the right to have assistance of counsel. *See* U.S. Const., amend. VI (providing, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . and to have the assistance of counsel for his defense"); Tex. Const. art. I, § 10 (providing, "In all criminal prosecutions the accused shall have a speedy public trial . . . and shall have the right of being heard by himself or counsel or both . . . ."); Tex. Code Crim. Proc. Ann. art. 1.05 (West, Westlaw through 2013 3d C.S.); *Gonzalez v. State*, 117 S.W.3d 831, 836–37 (Tex. Crim. App. 2003). An element of this constitutional right to assistance of counsel is the right of a defendant who does not require

4

appointed counsel to choose who will represent him. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S.Ct. 2557, 2561, 165 L.Ed.2d 409 (2006); *Gonzalez*, 117 S.W.3d at 836–37. But, this right is not absolute. *See Gonzalez-Lopez*, 548 U.S. at 144, 126 S.Ct. at 2561; *Gonzales*, 117 S.W.3d at 837; *see also Wheat v. U.S.*, 486 U.S. 153, 158–59, 108 S. Ct. 1692, 1697–98, 100 L.Ed.2d 140 (1988) ("[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."). For example, a defendant has no right to be represented by an advocate who is not a member of the bar, an attorney whom he cannot afford or whom declines to represent him, or an attorney who has a previous or ongoing relationship with an opposing party. *See Gonzalez*, 117 S.W.3d at 837.

While there is a strong presumption in favor of a defendant's right to retain counsel of choice, this presumption may be overridden by other important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice. *Id*.; s*ee also Gonzalez-Lopez*, 548 U.S. at 152, 126 S.Ct. at 2566–67 (stating "[w]e have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.") (citations omitted); *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (listing factors to be weighed in balancing defendant's right to retained counsel of choice against trial court's need for prompt and efficient administration of justice). Nonetheless, when a trial court unreasonably or arbitrarily interferes with the defendant's right to choose retained counsel, its actions rise to the level of a constitutional violation. *See Gonzalez*, 117 S.W.3d at 837.

In the case under review, appellant's family apparently retained a lawyer on his behalf to represent him. In his motion to dismiss, and at several hearings, appellant expressed dissatisfaction with this lawyer and a desire to terminate this lawyer's representation of appellant. The record also reflects that appellant refused on various occasions to communicate with his lawyer about his case. Nonetheless, the record does not reflect that appellant or any other person on his behalf took any steps to retain another lawyer to represent appellant. Appellant did not request additional time to attempt to retain another lawyer, nor did appellant state that he no longer could afford retained counsel. Appellant did not express any desire to represent himself. Instead, appellant asked the trial court to appoint a lawyer to represent him, but appellant did not assert that he was indigent or submit proof that he was indigent. Appellant had an opportunity to retain a different lawyer, and appellant had no right to be represented by a court-appointed lawyer of his choosing. *See Gonzalez-Lopez*, 548 U.S. at 151, 126 S.Ct. at 2565; *Dunn v. State*, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991); *see also Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) (holding a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel). We conclude that the trial court did not unreasonably or arbitrarily interfere with appellant's right to choose retained counsel. *See Gonzalez*, 117 S.W.3d at 837–46.

To the extent appellant complains that the trial court violated his rights under the United States Constitution and the Texas Constitution by failing to appoint counsel to represent him, that complaint lacks merit because a trial court does not have a duty to appoint counsel until the defendant shows he is indigent. *See Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988). A trial court has no duty to appoint counsel when a defendant has "managed to retain counsel" or "has made no showing of indigency." *Id.*; *Easily v. State*, 248 S.W.3d 272, 281 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Neither in his motion, nor in his

6

pre-trial exchange with the trial court, did appellant claim to be indigent, and he made no showing that he was indigent. *See Gray*, 744 S.W.2d at 607.

## B. Complaint under the Texas Code of Criminal Procedure

Under his second issue, appellant also complains the trial court erred in refusing to allow his counsel to withdraw, not inquiring of his indigency, and not appointing counsel under Texas Code of Criminal Procedure Article 1.051. *See* Tex. Code Crim. Proc. Ann. art. 1.051 (West 2014).

We apply an abuse of discretion standard to determine whether the trial court erred in denying appellant's counsel motion to withdraw. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). If the ruling falls within the "zone of reasonable disagreement," we must affirm the trial court. *See Gonzalez*, 117 S.W.3d at 836–37; *Hobbs v. State*, 359 S.W.3d 919, 926 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The trial court has discretion to determine whether withdrawal should be granted, balancing the matters asserted with the potential for obstruction to the judicial process or interference with the administration of justice. *King*, 29 S.W.3d at 566; *see also Coleman v. State*, 246 S.W.3d 76, 86 (Tex. Crim. App. 2008) (approving of denial of change in counsel where delay in the administration of justice would have resulted). Appellant's counsel filed a motion to withdraw less than a week before trial. Given the proximity of the trial setting, the length of time the case had been pending, and appellant's failure to take steps to retain another lawyer or submit proof of indigency, the trial court did not abuse its discretion in denying counsel's motion to withdraw. *See King*, 29 S.W.3d at 566; *Hobbs*, 359 S.W.3d at 926–27.

Appellant also asserts that the trial court should have followed the dictates of Article 1.051 (b), (c) and was required to appoint counsel to represent him. That statute provides in pertinent part as follows:

7

(b) . . . "indigent" means a person who is not financially able to employ counsel." (c) An indigent defendant is entitled to have an attorney appointed to represent him . . . .

Tex. Code Crim. Proc. Ann. art. 1.051. In the trial court, although appellant requested appointment of counsel, he did not assert he was indigent, make any showing that he was indigent, or request a determination of indigency. A trial court does not have a duty to appoint counsel until the defendant shows he is indigent. *See Gray*, 744 S.W.2d at 607; *Easily*, 248 S.W.3d at 281. Because appellant did not show he was indigent, the trial court was not required by Article 1.051 to appoint counsel to represent him, and thus the trial court did not err in failing to appoint counsel. *See Gray*, 744 S.W.2d at 607; *Easily*, 248 S.W.3d at 281.

Appellant also contends that, after the trial court was made aware counsel was not his attorney of choice and had been fired and that appellant wanted the trial court to appoint counsel, it was the trial court's duty to inquire into whether appellant was indigent, that is, not financially able to employ counsel. The parties have not cited, and research has not revealed, any statute or legal authority addressing this issue. We conclude that appellant has not shown that the trial court erred in failing to inquire as to whether he was indigent. The trial court was not required to conduct an inquiry on its own motion as to whether appellant was indigent. *See Whitehead v. State*, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004); *Gray*, 744 S.W.2d at 607; *Easily*, 248 S.W.3d at 281.

Having rejected the arguments under appellant's first and second issues, we overrule these issues.

## II. CLAIM REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL

In his third issue, appellant contends he was denied effective assistance of

counsel at the punishment phase of the trial.

**A.    Standard of review and applicable law**

To prevail on an ineffective-assistance claim, appellant must establish (1) trial counsel's representation fell below the objective standard of reasonableness, based on prevailing professional norms, and (2) there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688–92, 104 S.Ct. 2052, 2065–2067,80 L.Ed2d 674 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986) (holding *Strickland* standard applies to ineffective-assistance claims under Texas Constitution).

We indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Thus "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Thompson*, 9 S.W.3d at 812. The presumption is overcome only when evidence of ineffective assistance is "firmly founded and affirmatively demonstrated in the record." *Melancon v. State*, 66 S.W.3d 375, 378 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The totality of the representation is the appropriate context; counsel is not to be judged on isolated portions of his representation. *Strickland*, 466 U.S. at 688. Our review of counsel's performance is highly deferential, beginning with the strong presumption counsel's actions were reasonably professional and motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

9

Where there is no record explaining the underlying reasons for counsel's conduct, we will not speculate about them. *Perez v. State*, 56 S.W.3d 727, 731 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Gamble v. State*, 916 S.W.3d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.)); *see also Ex parte Varelas*, 45 S.W.3d 627, 623 (Tex. Crim. App. 2001).[3] The presumption is not rebutted where the record is silent as to counsel's rationale for his trial strategy. *Perez*, 56 S.W.3d at 732. We will not find ineffective assistance unless counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

## B. Analysis

Appellant contends his counsel performed deficiently in two respects: (1) by failing to object to the testimony of Cynthia Glenn, a juvenile probation officer for Harris County, and (2) failing to object to purportedly improper jury argument.

### 1. Failure to object to Glenn's testimony

Glenn testified that, in her role as a juvenile probation officer, she interviews juveniles to obtain a sense of their family and school dynamic. She reviews the juvenile offense tracing ("JOT") reports to understand what occurred with the juveniles and what they understood. She does not interview them about guilt or innocence. The interviews help determine if the juvenile should be certified as an adult relative to the charges.

In 1997, Glenn reviewed appellant's JOT concerning a robbery in which he was involved. At that interview, Glenn learned appellant pointed a gun at someone

---

[3] Appellant did not raise in his motion for new trial the ineffective-assistance claim. While the general rule is an alleged error must be first brought to the attention of the trial court before it can be heard on appeal, an ineffective-assistance claim will generally not be foreclosed because of an appellant's inaction at trial. *See Robinson v. State*, 16 S.W.3d 808, 809 (Tex. Crim. App. 2000).

to commit a robbery of a bicycle and other property. Appellant stated on the day of the 1997 arrest he was "high on marijuana" and had "drunk some alcohol." Prior to this arrest, appellant had been arrested for marijuana possession. Appellant admitted he associated with the Barrio Denver Harbor Click gang. Glenn recalled appellant did not appear to be taking the robbery charge seriously; he stated the gun used in the robbery was not loaded, so it did not appear to Glenn that his actions were serious or important to him.

First, appellant urges it was "elementary" that Glenn could not "admissibly read" from a juvenile offense report, and it was improper to allow testimony from her about her conversations with appellant. *See* Tex. R. Crim. App. Evid. 801, 802. Even if this testimony were improper and would have been excluded upon the objection of appellant's counsel, in light of evidence of appellant's prior convictions[4] and the evidence offered in the guilt-innocence phase, which was also admitted in the punishment phase,[5] we conclude that appellant has not shown that there is a reasonable probability that the result of the punishment phase would have been different if this testimony had not been admitted.

Next, appellant contends counsel should have asked for a hearing to test the admissibility under Texas Family Code Section 51.095 of appellant's statements to Glenn. *See* Tex. Fam. Code § 51.095 (b) (1), (2) (West 2011). Statements of a child are not considered inadmissible if the statement does not stem from an interrogation or, if voluntary and they have a bearing on the credibility of the child

---

[4] 1997 robbery (sentence of two years in TDC), 1999 misdemeanor possession of marijuana, and criminal trespass, 2000 misdemeanor possession of marijuana, 2004 felony possession of over 400 grams of cocaine (sentence of 15 years in TDC), and 2011 misdemeanor trespass.

[5] Evidence included appellant's harassment of Maldonado, pointing his gun at and running away from police officers, disobeying their orders, firing his gun, and his inability or refusal to take advantage of numerous offers of second chances.

11

as a witness, or if recorded. *See id*. Appellant has not shown these statements were inadmissible. Glenn's testimony suggests the statements were made in the context of an interview. There was no suggestion of custodial interrogation. *See Payne v. State*, 579 S.W.2d 932, 933 (Tex. Crim. App. [Panel Op.] 1979) (holding statements made when not in custody are admissible).

### 2.  Failure to object to jury argument

Lastly, appellant complains counsel failed to object during closing argument when the State mentioned information related to prior convictions in the juvenile offense reports.

Closing arguments are made to assist the jury in its analysis of the evidence presented at trial in order to reach a just determination. *See Temple v. State*, 342 S.W.3d 572, 602–603 (Tex. App.—Houston [14th Dist.] 2010), *aff'd* 390 S.W.3d 341 (Tex. Crim. App. 2013). Jury argument may encompass a summation of the evidence, reasonable deductions which can be drawn from the evidence, answers to opposing counsel's argument, and a plea for law enforcement. *Id*. (citing *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008)). The record reveals the prosecutor properly summarized the evidence adduced at trial, asked the jury to consider appellant's criminal background in assessing punishment, and responded to opposing counsel's argument. An attorney's failure to object to proper argument cannot be ineffective assistance. *See Richards v. State*, 912 S.W.2d 374, 379 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

In summary, having rejected all of appellant's ineffective-assistance claims, we overrule his third issue.

We affirm the trial court's judgment.

/s/    John Donovan
         Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Publish — TEX. R. APP. P. 47.2(b).