

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00383-CR
_____

ANDREW PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19687-1406, Honorable Edward Lee Self, Presiding

October 20, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Andrew Perez appeals from his conviction by jury of the offense of manufacture or delivery of a controlled substance[1] and the resulting sentence of fourteen years of imprisonment. Through two issues, appellant contends he was deprived of the right of counsel of his choice and received an improper credit for time served. We will affirm the judgment of the trial court.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2014).

## Background

Appellant was arrested in October 2013. He posted bond and was released from jail the day after his arrest. About a week later, appellant hired an attorney to represent him. Counsel represented appellant for the next eleven months and spent about twenty hours meeting with appellant and researching potential issues. Counsel provided to appellant a copy of the patrol car video taken the day of appellant's arrest and attempted to negotiate a plea agreement with the State.

The case was set for trial at the end of September 2014. On the day of trial, counsel announced "not ready" because appellant told him he desired to terminate counsel's employment. The court inquired into the reasons appellant wanted to fire his attorney and heard the testimony of both appellant and counsel. After asking appellant additional questions, the trial court stated, "[t]his trial will proceed today. If it's a motion for continuance, your motion is denied."

The case was tried with counsel representing appellant. The jury found appellant guilty as charged in the indictment and punishment was assessed as noted. This appeal followed.

## Analysis

### Right to Counsel of Choice

In his first appellate issue, appellant contends the trial court violated his Sixth Amendment constitutional rights because it denied him representation by counsel of his choice.

The United States and Texas Constitutions, as well as Texas statutory law, guarantee a defendant in a criminal proceeding the right to assistance of counsel. *Gonzales v. State,* 117 S.W.3d 831, 837 (Tex. Crim. App. 2003). The right to counsel of one's choice is a facet of the Sixth Amendment protection that "commands, not that a trial be fair, but that a particular guarantee of fairness be provided—to wit, that the accused be defended by the counsel he believes to be the best." *United States v. Gonzalez-Lopez,* 548 U.S. 140, 146, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006). Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. *Id.* at 147-48. Such a deprivation is structural error and not subject to harmless-error analysis.

However, the right to select counsel of choice may be "circumscribed" by other Sixth Amendment considerations relating to the integrity of the judicial process and the fair and orderly administration of justice. *Bowen v. Carnes,* 343 S.W.3d 805, 811-812 (Tex. Crim. App. 2011) (original proceeding) (*citing Wheat v. United States,* 486 U.S. 153, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988)). The right to counsel of choice is "not absolute." *Bowen,* 343 S.W.3d at 811 (*citing Wheat,* 486 U.S. at 159 and *Gonzales,* 117 S.W.3d at 837). "Among other things, a trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness and the demands of its calendar." *Scales v. State,* No. 04-12-00435-CR, 2014 Tex. App. LEXIS 1744, at *20 (Tex. App.—San Antonio Feb. 19, 2014, pet. ref'd) (mem. op., not designated for publication) (*citing Gonzalez-Lopez,* 548 U.S. at 151-52). "Trial judges necessarily require a great deal of latitude in scheduling trials. . . . Consequently, broad discretion

must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.'" *Id.* (*quoting Morris v. Slappy,* 461 U.S. 1, 11-12, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983) (internal citations omitted)). A defendant may not manipulate the right to select his own counsel so as to obstruct orderly court procedure or interfere with the fair administration of justice. *Scales,* No. 04-12-00435-CR, 2014 Tex. App. LEXIS 1744, at *20 (*citing Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976)). A defendant may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel. *Id.* When competent counsel is available and fully prepared to represent the defendant, a trial court does not abuse its discretion by denying an untimely request for continuance based on the unavailability of the defendant's counsel of choice. *Id.*

In this case, appellant hired counsel the week after his arrest in October 2013. Trial was scheduled almost a year later. Counsel served as appellant's attorney during that time and, according to counsel, appellant never indicated he was unhappy with counsel's representation. Appellant acknowledged he never personally told counsel he was unhappy with his representation but said he had asked others to contact counsel. Both appellant and counsel testified appellant informed him of his desire to terminate counsel's representation the Saturday before trial.

The morning of the trial, appellant told the court, "Honestly, I do not feel comfortable having [counsel] represent me. I have not -- I hired him 10 months ago, and I have not talked to the man more than an hour . . . ." He also said, "And the fact that he waited a week before trial just to come and talk to me is the reason that, you

4

know, I'm up here firing him at the last minute." He further stated, "But I do not wish to represent myself either. I think I should have a right to have an attorney of my choice present." Appellant acknowledged counsel spoke with him about the range of punishment for the offense and his options. Appellant told the court he explained his version of events to counsel but felt counsel "always seemed to be in a hurry and had something else to do and just told me to think about whatever he had to say." He stated also "[e]very conversation that we have in the jail was less than five minutes." He thought counsel had discussed "very little" of his case with him.

Counsel presented the court with a copy of his signed contract with appellant detailing the services for which he was retained. Counsel testified he conducted an hour-long initial interview with appellant, visited with him by phone, and visited him at the jail on several different days the week before trial. He discussed with appellant strategy for trial and attempted to negotiate a plea agreement, which he opined was an "excellent deal." Counsel also testified he spent approximately "15 to 20 hours' preparation on this case preparing for trial in this particular case. I have filed a motion in limine, I have filed for discovery; the State has complied with that discovery. I've also made independent verification of different witnesses that I anticipate that will testify at the trial. I've also made inquiries as to theories that I feel that the State may not be able to link Mr. Perez to the actual controlled substance. And I've also discussed that with [the prosecutor]. I was able to obtain from [the prosecutor] what I thought was a matter that would dispose of this case, that was not obtained until this past week, and that was at my initiative. I feel like I am prepared to go to trial on this case, and that I was sufficiently prepared."

At the court's inquiry, appellant told the court he did not have another attorney to represent him for trial that day. As noted, counsel explained his preparation for trial and told the court he was prepared for trial. Accordingly, the trial court could have determined counsel was competent, available, and fully prepared to represent appellant in trial. The court also could have considered that resetting trial after a venire of potential jurors had been called and were present at the courthouse would have "disrupted orderly court procedure and greatly inconvenienced not only the trial court, but the potential jurors who had been waiting." *Scales,* No. 04-12-00435-CR, 2014 Tex. App. LEXIS 1744, at *24; *see Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (listing factors to be weighed in balancing defendant's right to retained counsel of choice against trial court's need for prompt and efficient administration of justice).

Moreover, from the circumstances presented, the trial court reasonably could have concluded appellant's termination of counsel's representation merely was an effort to delay his trial. *See Scales,* No. 04-12-00435-CR, 2014 Tex. App. LEXIS 1744, at *23 (trial court could believe defendant was manipulating his right to counsel when he waited until day of trial to voice dissatisfaction); *Ibarra v. State,* 456 S.W.3d 349, 354 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (Sixth Amendment right to counsel of choice was not violated when defendant had an opportunity to retain a different lawyer and failed to do so).

We find the trial court did not abuse its discretion by disallowing appellant's effort on the morning of trial to change attorneys, and see no violation of appellant's Sixth Amendments rights. Accordingly, we resolve appellant's first issue against him.

6

Credit for Time Served Awaiting Trial

The judgment of conviction reflects a one-day credit for jail time served. Appellant asserts the judgment should reflect a jail-time credit of 120 days and asks us to reform the judgment accordingly. The State does not comment on the credit to which appellant may be entitled and argues only that we should dismiss appellant's contention.

Article 42.03, section 2(a) of the Code of Criminal Procedure mandates that "[i]n all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time the defendant has spent (1) in jail in said cause . . . from the time of arrest and confinement until his sentence by the trial court." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (West 2013). Consequently, "[t]he trial court is required to grant the [defendant] pre-sentence jail time when sentence is pronounced." *See Ex parte Ybarra,* 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).

The record does not clearly show appellant is entitled to 120 days of credit. In the course of appellant's complaints about his counsel on the morning of trial, he mentioned, "I've been sitting in the County for 120 days." But nothing in the record firmly establishes the number of days of credit to which appellant is entitled. Without an adequate record, we could not modify the judgment. *See Broussard v. State*, 226 S.W.3d 619, 620-21 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (declining to modify jail-time credit because record did not indicate amount of time appellant was incarcerated); *McGregor v. State*, 145 S.W.3d 820, 822 n.1 (Tex. App.—Dallas 2004, no

pet.) (*citing Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)) (appellate court may reform a judgment where the evidence necessary to correct the judgment appears in the record).

Moreover, the failure to award jail-time credit in accordance with a mandatory statutory duty is a clerical error correctable by a *nunc pro tunc* order. *Collins v. State,* 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("An incorrect calculation of the amount of back-time awarded to a defendant, or the omission of any statutory back-time in the judgment can be adjusted by a motion for judgment *nunc pro tunc* . . . .").

For these reasons, we decline to modify the trial court's judgment, and overrule appellant's second issue.

Conclusion

Having resolved appellant's issues against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

8