**Affirmed and Memorandum Opinion filed January 25, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00042-CR**

---

**RUDOLPH IGNATIUS BAKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1641222**

---

## MEMORANDUM OPINION

In this appeal from a conviction for aggravated assault, appellant argues in a single issue that the trial court erred by not allowing him to withdraw his request for self-representation. The State responds that appellant never made such a request, and that rather, appellant had requested different appointed counsel, to which he was not entitled. We agree with the State.

The record establishes that appellant was appointed two separate lawyers. The first lawyer, Mary Conn, moved to withdraw from the case, citing irreconcilable

differences. The judge (Hon. Lori Chambers Gray) granted that motion, and then appointed Thomas Martin as substitute counsel.

Early into Martin's representation, appellant informed the judge that he wished to proceed pro se. The judge conducted a *Faretta* hearing, during which appellant's complaints largely focused on Conn, the first lawyer who was no longer representing him. After the judge emphasized several times that Conn had withdrawn from the case and that "we're not walking down a path that doesn't exist anymore," appellant shifted his focus to Martin, with whom he said he was comfortable "as of now, as of this moment." The hearing ended with Martin remaining on appellant's case.

Two years later (following a moratorium for the COVID-19 pandemic), appellant moved to represent himself again, and a different judge (Hon. Marc Brown) conducted another *Faretta* hearing. Appellant explained that he was dissatisfied with Martin for a number of reasons. He believed, for instance, that Martin either had not reviewed certain pro se motions or he had reviewed them but refused to take any action on them. He believed that Martin was not communicating with him effectively, or that Martin was ignoring certain text messages. He also believed that Martin was more inclined to advocate for the prosecution than for the defense.

The judge warned appellant of the dangers and disadvantages of self-representation. The judge also specifically said that the trial date would not be postponed if appellant's request were granted, and that, unlike the practice in some other courts, standby counsel would not be permitted. Appellant responded, "I would prefer to have another standby," but the judge advised him again that standby counsel would not be allowed whatsoever.

Appellant asserted that he felt "forced" to represent himself, but the judge again emphasized that appellant had the option of proceeding with Martin as court-appointed counsel. The judge also stated that appellant had the right to represent himself, but the judge cautioned that if appellant elected that right, "there will be no one else representing you." Appellant asserted that he understood. The judge then granted his request for self-representation and allowed Martin to withdraw from the case.

Three days after that *Faretta* hearing, appellant appeared before another judge (Hon. Denise Bradley). This appearance was on the emergency response docket, and before any substantive matters were addressed, the judge sought to confirm that appellant had recently desired to represent himself. Appellant responded, "Not exactly," but rather than continue with any points about the status or history of his representation, appellant began to discuss certain facts concerning the complainant in the charged offense. The judge interrupted appellant, stating, "What I don't want to do on the record in open court is discuss the facts of your case." The judge then asked again, "So is it your desire to represent yourself?" That led to the following exchange:

> APPELLANT: Your Honor—
>
> THE COURT: That's a simple yes-or-no question.
>
> APPELLANT: If I may—with all due respect to the Court and to Your Honor, if I'm—what I'm speaking on is not factual for the case in terms of—
>
> THE COURT: The only question that I have for you while we're on the record in this matter is whether or not you would—you still desire to represent yourself. "Yes" or "no"?
>
> APPELLANT: I will desire, Your Honor—as I said, if you would please, please, Your Honor, just allow me even just one minute. I will not discuss any facts—

3

THE COURT:       Do not—here's what I don't want you to do. Do not mistake this for a conversation. I am not here to have a conversation with you. I am here to administer justice in this courtroom and to proceed over your—or preside over your trial if that's what we're going to do. Understood?

APPELLANT:       Yes, to a degree, Your Honor, I understand that.

THE COURT:       That concludes this hearing. The case is set for trial. Judge Brown did make a finding that you were competent to represent yourself. That's how we will proceed.

Appellant then began to discuss how he was concerned that his investigator was out of the country. The hearing ended with the judge simply advising appellant to draft a motion for continuance.

Five days later, appellant filed a motion for continuance, and appeared before yet another judge (Hon. Denise Collins). This hearing was very brief. The judge stated:

It says here you admitted to being unqualified to represent yourself. I find that very difficult to believe that the Court would allow you to do that without standby counsel if you said, "I'm not qualified to represent myself." Okay. I'm going to stop you right there.

The hearing concluded with an off-the-record discussion.

On the very next day, appellant reappeared before the same judge who had originally granted his request for self-representation (Hon. Marc Brown). The hearing began with a discussion about a motion for continuance, which the judge granted. The judge then returned to the matter of appellant's self-representation:

THE COURT:       Now, I want to make sure I understand that you still wish to proceed to represent yourself in this matter.

APPELLANT: On—under one condition, Your Honor. If in between now and the time when—the continuance I can find another attorney—

THE COURT: You can certainly hire a lawyer to represent you.

APPELLANT: Yes. In between now and—if the Court grants it, whatever time that is, I could get another attorney, then would I be allowed—

THE COURT: You are free to hire whomever you want.

APPELLANT: All right. Thank you, Your Honor.

The trial date occurred two months later. The record began with the judge (Hon. Reagan Clark) confirming that appellant had requested self-representation:

THE COURT: All right. It is my understanding that you requested to be your own counsel to represent yourself; is that right?

APPELLANT: No, Your Honor. What happened was I was pretty much forced to do it. So I have to do it.

THE COURT: Well, no one is forcing you to represent yourself. It is my understanding that one of the other judges conducted what we call a *Faretta* hearing to make a determination as to whether or not you could be allowed to represent yourself in this case; is that right, or no?

APPELLANT: A hearing was held, Your Honor, but if you would give me a moment to speak on what happened, then I could make it clear as to what happened and why I believe that I am being forced and compelled to defend myself.

THE COURT: Well, I don't want to hear anything about the facts of the case. The only thing that I want to know at this point is whether or not you are going to represent yourself. As I understand it, the Judge said it was okay for you to represent yourself.

APPELLANT: Well, Your Honor, it is nothing about the facts of the case.

5

THE COURT:    Just tell me yes or no, did the Judge say it was okay for you to represent yourself?

APPELLANT:    Yes, he did, Your Honor.

THE COURT:    Okay. So that's all in the past, right? We have got a jury that's coming over here this morning ready to hear your case. You understand that, don't you?

APPELLANT:    Yes, but as I said, I will state it on the record again that I do believe that I am being forced and compelled. I have no choice. I am ill-equipped and ill-qualified to represent myself. And I am not allowed to speak. I have never been allowed to speak, Your Honor. Each time I tried to speak and make clear what's going on in this case and to defend myself, I am being told I can't speak.

THE COURT:    Well, I am going to let you talk, but I am not going to let you talk to me a lot about the facts of the case. The only thing I want to know at this point is whether or not you are going to represent yourself in this case. The Judge has already decided it and had a hearing on it and the Judge has made a decision that you are competent to represent yourself and that you are requesting to represent yourself.

APPELLANT:    I did not request it, Your Honor. I never requested it.

THE COURT:    See, I didn't hear all of this, so I don't have a clue about what is going on. The record will be clear as to what's happened in this case.

APPELLANT:    Yes, sir.

THE COURT:    All I know is a little bit that I have been told about it. And what I have been told about it is the Judge has allowed you, after a hearing, to represent yourself in this case. Is that yes or no? Without regard to saying you were forced to and all that, just yes or no?

APPELLANT:    Yes, Your Honor.

6

THE COURT:　　　All right. That's what I needed to know.

The discussion briefly shifted to the existence of a plea offer, and then it returned to the matter of appellant's self-representation, with additional input from the prosecution.

THE COURT:　　　And could you enlighten me?

PROSECUTOR:　　For the purpose of—

THE COURT:　　　At least tell me what is going on in the past with regard to the *Faretta* hearing and the Judge making a decision for the Defendant to represent himself.

PROSECUTOR:　　Yes, Your Honor. And so previously, Judge, the Defendant has been—has had two appointed attorneys, a Ms. Mary Conn at the outset of the case and then later on a Mr. Tom Martin. As recently as October, the Defendant was represented by Mr. Martin. We appeared in court on 10/25, I believe, and Mr. Martin was representing him. At that point is where the Defendant stated that he had some issues with Mr. Martin's representation, stated that he believed that he was colluding with the State and assisting the State in withholding evidence against him, and he asked that Mr. Martin be taken off of his case. At that point, Judge, I believe it was Judge Marc Brown stated that he would not appoint another attorney to him.

THE COURT:　　　He would not appoint another attorney to him?

PROSECUTOR:　　Correct.

THE COURT:　　　Did he ask for another court-appointed lawyer at that time? Did you ask for court-appointed at the time? Did you ask for court-appointed attorney back in October when Judge Brown heard this motion?

APPELLANT:　　I've asked for an attorney since January 10th of 2022, Your Honor. And as I said repeatedly, the Prosecution has been allowed to speak freely. And each time I tried to express myself and defend

7

|              |                                                                                                                                                                                                                                     |
|--------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | myself, I was given a limited amount of time. And I am asking you—                                                                                                                                                                   |
| THE COURT:   | Well, I think—I hate to keep interrupting you, sir, but I think you want to talk to me about the facts of your case and that's not why I am here.                                                                                     |
| APPELLANT:   | No, I am trying to speak on what you just asked.                                                                                                                                                                                     |
| THE COURT:   | Okay. Well, just tell me without going into great detail, did you ask, back in October, for the Judge to appoint you another lawyer since he allowed—was it Miss Conn at the time, to withdraw?                                       |
| PROSECUTOR:  | It was Mr. Martin, Judge.                                                                                                                                                                                                            |
| THE COURT:   | Oh, Mr. Martin. Did you ask for court-appointed lawyer at that time?                                                                                                                                                                 |
| APPELLANT:   | Since January 10th—                                                                                                                                                                                                                  |
| THE COURT:   | No, did you ask in October when the Judge—                                                                                                                                                                                           |
| APPELLANT:   | Yes. Yes, sir.                                                                                                                                                                                                                       |

***

|              |                                                                                                                                                                                                                                     |
|--------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| THE COURT:   | So in October of 2022, when Judge Brown allowed Mr. Martin to withdraw from the case—and is he the one that heard the *Faretta* hearing as well?                                                                                      |
| PROSECUTOR:  | Yes, Your Honor.                                                                                                                                                                                                                     |
| THE COURT:   | So he went forward with the *Faretta* hearing, which tells me that you wanted to represent yourself; because, he wouldn't have conducted that hearing on that issue unless you stated that you wanted to represent yourself. Is that—did you tell him you wanted to represent yourself? |
| APPELLANT:   | I never tell him that, Your Honor.                                                                                                                                                                                                   |
| THE COURT:   | Did you ask for another court-appointed lawyer to replace Mr. Martin?                                                                                                                                                                |
| APPELLANT:   | Several times, Your Honor, on that day and previously. Also, Mr. Martin, himself, on several occasions, requested to be removed because of disagreement.                                                                              |

8

| | |
|---|---|
| THE COURT: | Well, I understand Mr. Martin is out of the case. That is not the issue; but, I am just wondering, that was October, here it is January the 10th [of 2023], and nothing has been done about getting you another lawyer. Which tells me you have not requested to be appointed another counsel and that you wanted to represent yourself. |
| APPELLANT: | At each court appearance and several times on the record in front of several judges I have stated consistently that I am ill-qualified and ill-equipped to represent myself. And since January 10th of 2022, I have repeatedly, each time I have come to court, on the record or without it being on the record, requested that I be appointed another attorney and tried my best to explain the reason why. And as I said, Your Honor, I am never allowed to speak. |
| THE COURT: | I am letting you talk. Am I not letting you talk? Am I not letting you speak? Tell me. |
| APPELLANT: | Well, Your Honor, you have limited my ability to speak. |
| THE COURT: | But you're talking to me about the facts of the case and that is not what I am concerned about right now. |
| APPELLANT: | I was not speaking about the—Your Honor, how do you know what I am going to speak on, when I am not allowed to at least attempt to speak on it? |
| THE COURT: | Because I can tell where you are going with all of this. You are going with all—trying to get into the facts of this case and I am not concerned about that now. Let me just say this about what you said about not being equipped to represent yourself. That motion that Judge Brown heard, he made a finding that you were qualified to represent yourself. That's required in a *Faretta* motion. The Judge has to make that decision that it's okay for you to represent yourself, that you have the wherewithal and your ability to do that. So I am not going to change that, okay? |

9

PROSECUTOR: Sorry to interrupt, Judge, but—however, I believe one reason that Judge Brown did not appoint new counsel is because this case has been on the trial docket since January 10th of 2022 and Judge Brown's stance on the issue was that it [was] either going to be Mr. Martin who was going to try the case or it was going to be the Defendant. And however—the Defendant, whenever he asked if he was going to have standby counsel, Judge Brown said that it was going to be Mr. Martin if he decided to appoint him standby counsel. At that point, the Defendant stated he did not want Mr. Martin at all as standby counsel or to have any part of the case. And so that's why Judge Brown did not appoint standby counsel for him.

THE COURT: So since this case has been filed, Mr. Baker, you have had two court-appointed lawyers, correct?

APPELLANT: Yes, Your Honor.

THE COURT: And you did not want either one of them, right?

APPELLANT: We had differences, Your Honor.

THE COURT: You didn't want them to represent you regardless of the reason—

APPELLANT: Yes, Your Honor.

THE COURT: —you did not want either of those lawyers to represent you?

APPELLANT: Yes, Your Honor.

THE COURT: We are going to go forward with you representing yourself.

A defendant can assert his right to self-representation and then subsequently withdraw it. *See* Tex. Code Crim. Proc. art. 1.051(h). Magic words are not required to withdraw the right; rather, the record must reasonably appear to the trial court that the defendant has abandoned his initial request to proceed pro se. *See Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986).

10

Appellant claims that he withdrew his right to self-representation on three occasions. We discuss each of these in turn.

For the first occasion, appellant asserts that he "unequivocally" advised Judge Collins that he did not want to represent himself. Appellant supports this assertion with a citation to a hearing, but appellant did not actually discuss the issue of his representation with Judge Collins during that hearing. Rather, Judge Collins recited from the written motion for continuance that appellant claimed to be unqualified to represent himself. And Judge Collins was expressly skeptical of that claim.

Appellant's written motion for continuance appears in our record, and in material part, appellant wrote as follows:

> Both Defendant and Mr. Martin appealed to the Court for new [counsel] to be assigned to the case. Each time such request was denied. With no other choice the Defendant requested a [*Faretta*] Hearing. On October 25th the Court ruled that the Defendant must either keep Mr. Martin as counsel or represent himself. Although Defendant admit to being unqualified and ill equipped to represent himself, Defendant was forced to choose the latter.

This was plainly a recitation of past events. Nothing in this written motion can be construed as an unequivocal request to withdraw appellant's right of self-representation.

For the second occasion, appellant asserts that he "asked again for an attorney from Judge Brown in a hearing after the initial *Faretta* hearing." But no such request appears in the record. Rather, appellant asked if he would be allowed to have another attorney if he were to "find" one, and Judge Brown responded affirmatively, provided that the attorney were hired, not appointed.

For the third occasion, appellant asserts that "he unequivocally told Judge Clark he wanted an appointed attorney." This assertion is slightly more accurate than

11

the other two, but appellant omits a critical detail. He stated on the record that he requested the appointment of "another attorney."

A criminal defendant has the right to hire any attorney of his choice, or to have the appointment of counsel if he cannot afford an attorney, but he has no right to appointed counsel of his own choosing. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("The right to counsel of choice does not extend to defendants who require counsel to be appointed for them."); *Ibarra v. State*, 456 S.W.3d 349, 354 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("Appellant had no right to be represented by a court-appointed lawyer of his choosing."). Thus, insofar as appellant requested the appointment of a different attorney, his request was not valid.

For all of the foregoing reasons, appellant has not shown that he requested the reappointment of counsel, or that the trial court erred by not allowing him to withdraw his right of self-representation.

The trial court's judgment is affirmed.


/s/      Tracy Christopher
Chief Justice



Panel consists of Chief Justice Christopher and Justices Wise and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).