

# NUMBER 13-25-00606-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROBERT JAMES MAGNUSON,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF DEWITT COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

After his deferred-adjudication community supervision was revoked, appellant Robert James Magnuson was convicted of two second-degree felonies: (1) fraudulent use or possession of ten or more but fewer than fifty items of identifying information, and (2) fraudulent use or possession of ten or more but fewer than fifty items of credit card or debit card information. *See* TEX. PENAL CODE §§ 32.315(e)(3), 32.51(c)(3). The trial court

sentenced him to concurrent ten-year prison terms for the offenses. On appeal, Magnuson argues the trial court erred by denying his "unequivocal request for self-representation" at the adjudication hearing. Because we agree, we reverse and remand for a new adjudication hearing.

## I.   BACKGROUND

A DeWitt County grand jury returned an indictment accusing Magnuson of committing the above offenses on or about July 23, 2021. At a hearing on January 20, 2022, Magnuson pleaded guilty to both counts pursuant to an agreement with the State. His adjudication was deferred and he was placed on community supervision for a term of eight years. The orders of deferred adjudication noted that Magnuson appeared pro se at the plea hearing and "waived [his] right to [an] attorney."

On June 4, 2024, the State filed a motion to adjudicate alleging that Magnuson violated the terms of his community supervision by, among other things: (1) committing five new criminal offenses; (2) violating his curfew; (3) failing to report to his probation officer on three occasions; (3) failing to perform community service as directed; and (4) failing to pay monthly supervision fees. On August 11, 2025, the State filed an amended motion to adjudicate making largely the same allegations.

On October 30, 2025, Magnuson's appointed defense counsel filed a motion to withdraw arguing that "[g]ood cause exists for withdrawal . . . in that the client has requested same." The motion noted that "[t]here are pending settings or deadlines, including discovery deadlines, in this case" and that Magnuson had requested a trial date of November 6, 2025. The motion also contained a "Notice of Hearing" on the motion to withdraw for November 6, 2025, and a "Notice to Client" advising Magnuson of his right

2

to object to the withdrawal at that hearing.

The trial court held a hearing on the State's amended motion to adjudicate on November 6, 2025. At the beginning of the hearing, Magnuson's counsel advised the trial court that he had filed the motion to withdraw at his client's request because he wished to proceed pro se. In response, the prosecutor stated: "This withdrawal, substitution, pro se representation, this entire episode is just a continuing saga in order to delay adjudication in this case."[1] According to the prosecutor, witnesses from Travis County had been subpoenaed for an earlier revocation hearing, but Magnuson "absconded" on the day of the setting and was later arrested.[2] The prosecutor stated: "We have had witnesses under subpoena for weeks. They are here from Travis County. We're ready to proceed, and we—the State would ask that the withdrawal be denied and we'd be allowed to proceed." Magnuson then informed the trial court that he was "ready to proceed today" and was "not trying to delay anything" but was "not happy" with counsel's representation and wanted to proceed "without him." The trial court stated: "I think it's best at this time to allow [counsel] to stay in the case and we'll proceed with the State's motion."

The State advised the trial court that it agreed to abandon three of the five allegations that Magnuson had committed new offenses. After hearing testimony from witnesses including Magnuson, the trial court found the remaining allegations in the State's motion to adjudicate true, granted the motion, and sentenced Magnuson as set forth above. This appeal followed.

---

[1] On the morning of the hearing, the State filed a written response to the motion to withdraw, arguing in part that there was no "good cause" for withdrawal.

[2] According to the clerk's record, the State's motion to adjudicate was first set to be heard on August 21, 2025, but Magnuson did not appear.

## II.     APPLICABLE LAW & STANDARD OF REVIEW

Under the Sixth and Fourteenth Amendments to the United States Constitution, a defendant generally has a "constitutional right to proceed without counsel [if he] voluntarily and intelligently elects to do so." *Indiana v. Edwards*, 554 U.S. 164, 170 (2008) (internal quotations and emphasis omitted); *see Faretta v. California*, 422 U.S. 806, 834 (1975) ("The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage."). This principle applies in probation revocation proceedings. *See Ex parte Jentsch*, 510 S.W.2d 320, 321 (Tex. Crim. App. 1974) (orig. proceeding); *see also Hatten v. State*, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002).

The right of self-representation must be timely, clearly, and unequivocally asserted. *Faretta*, 422 U.S. at 835. Once it is asserted, however, it may be waived. *Id.* Moreover, the right "is not absolute." *Bluntson v. State*, 728 S.W.3d 87, 128 (Tex. Crim. App. 2025). Specifically, the United States Supreme Court has recognized a "mental-illness-related limitation on the scope of the self-representation right." *Id.* (first citing *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010); and then citing *Edwards*, 554 U.S. at 178). "For those individuals who are competent to stand trial but 'who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves,' the Constitution allows states to insist upon representation by counsel." *Id.* (quoting *Edwards*, 554 U.S. at 178). "The trial judge is in the best position to determine whether a mentally ill defendant is competent to proceed pro se." *Id.*; *see Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984) (noting

4

trial judges should not "sit idly by" and watch a defendant "participate in impending courtroom suicide"; rather, they "must take an active role in assessing the defendant's waiver of counsel").

The denial of the right to self-representation is not subject to harmless error analysis. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) (stating that because the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to "harmless error" analysis); *Birdwell v. State*, 10 S.W.3d 74, 78 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (holding that the denial of the right to self-representation is not subject to a harmless error analysis); *see also Stringham v. State*, No. 02-06-00079-CR, 2007 WL 1095443, at *3 (Tex. App.—Fort Worth Apr. 12, 2007, no pet.) (mem. op. per curiam, not designated for publication) (same).

We review a trial court's decision on a defendant's request to represent himself under an abuse of discretion standard. *See Bluntson*, 728 S.W.3d at 128; *Chadwick*, 309 S.W.3d at 561. A trial court's ruling on an attorney's motion to withdraw is also reviewed for abuse of discretion. *Ibarra v. State*, 456 S.W.3d 349, 355 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

### III.    ANALYSIS

By his sole issue on appeal, Magnuson argues the trial court abused its discretion by denying his "unequivocal request for self-representation" at the November 6, 2025 revocation hearing.

In response, the State does not dispute that Magnuson made his request timely, clearly, unequivocally, voluntarily, and intelligently. *See Edwards*, 554 U.S. at 170;

*Faretta*, 422 U.S. at 835. Nor does it contend that Magnuson waived his right to self-representation at any time. Instead, it argues only that Magnuson has failed to produce an appellate record sufficient to support his claim. *See, e.g.*, *Williams v. State*, 662 S.W.3d 452, 464 (Tex. Crim. App. 2021) (noting "the appealing party carries the burden to ensure that the record on appeal is sufficient to resolve the issues presented"). The State observes that, though Magnuson's request for preparation of the reporter's record asked only for transcripts of the January 20, 2022 plea hearing and November 6, 2025 revocation hearing, the docket sheet in the clerk's record indicates that there were also six "interim hearing[s]" held between 2023 and 2025 at which Magnuson appeared with counsel.[3] The State contends that, because Magnuson did not request transcripts of these hearings to be included in the reporter's record,

> we do not know whether [Magnuson] continued to assert his right to self-representation, or whether he accepted representation by the string of attorneys who were appointed to represent him on the motions to revoke. Nor do we know whether he vacillated between self-representation and acceptance of appointed counsel, whether he engaged in obstructionist behavior or behavior indicating an intent to delay the orderly administration of justice, or even whether he demonstrated behavior that might indicate he was not competent to represent himself.

We disagree with the State that the record is insufficient for us to rule on Magnuson's issue. The reporter's record shows that the trial court permitted Magnuson to represent himself at his December 8, 2021 arraignment, and that Magnuson unequivocally, voluntarily, and intelligently waived his right to counsel at the January 20, 2022 plea hearing. *See Faretta*, 422 U.S. at 834. Although Magnuson later appeared with

---

[3] The State also argues that "Magnuson's request for the clerk's record includes only specific documents and does not mention any pro se filings." Though that is true, the clerk's record does in fact contain several pro se filings by appellant, including several handwritten motions and letters to the trial court, despite Magnuson's failure to request them.

appointed counsel at various hearings, the docket sheet affirmatively shows that no substantive matters were taken up at any of those hearings. Notably, the State appeared at each one of the hearings, and it does not assert that anything actually transpired there which influenced the trial court's decision not to allow Magnuson to proceed pro se at the November 6, 2025 revocation hearing. Similarly, it does not suggest that Magnuson actually suffers from mental illness which would prevent him from representing himself competently. *See Edwards*, 554 U.S. at 178; *Chadwick*, 309 S.W.3d at 561.

Finally, though the State raises the specter that Magnuson may have engaged in "obstructionist behavior" and "vacillated" about his right to counsel at the "interim hearings," it cites no authority indicating that such actions, even if substantiated by the record, would support the trial court's subsequent refusal to allow Magnuson to represent himself at the revocation hearing. *See Bluntson*, 728 S.W.3d at 128 (setting forth only one exception—severe mental illness—to the general rule that a defendant is constitutionally entitled to represent himself). And it is undisputed that no delay would have resulted from the trial court's granting of Magnuson's clear and unequivocal request. *See Ibarra*, 456 S.W.3d at 355 ("The trial court has discretion to determine whether withdrawal should be granted, balancing the matters asserted with the potential for obstruction to the judicial process or interference with the administration of justice.").

We conclude the trial court abused its discretion by denying Magnuson's request to represent himself at the November 6, 2025 revocation hearing. *See Bluntson*, 728 S.W.3d at 128; *Chadwick*, 309 S.W.3d at 561. Because harm is presumed, *see McKaskle*, 465 U.S. at 177 n.8, we sustain Magnuson's issue on appeal.

### IV. CONCLUSION

The trial court's judgment adjudicating Magnuson's guilt and revoking his community supervision is reversed, and we remand for a new hearing on the State's amended motion to adjudicate consistent with this memorandum opinion.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
4th day of June, 2026.